# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH ATUANA,** | : | **CIVIL NO. 1:19-CV-2206** |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **UNITED STATES DISTRICT COURT MAGISTRATE JUDGE, N.Y., NEW YORK,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner Joseph Atuana ("Atuana"), a federal inmate confined at the United States Penitentiary, Canaan, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief)[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[2]

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

[2] The instant habeas petition is identical to the § 2241 petition Atuana filed in civil action number 1:20-cv-25. See Atuana v. United States, 1:-20-cv-25 (M.D. Pa.). By memorandum and order dated January 13, 2020, the court summarily dismissed the petition in case number 1:20-cv-25 for lack of jurisdiction. Id. at Docs. 4, 5. As the instant petition is identical to the one previously considered and dismissed by the court, the present petition will be dismissed for precisely the same reasons.

## I. Background

On or about December 1, 2017, a grand jury sitting in the Southern District of New York returned a superseding indictment against Atuana and a codefendant. See United States v. Atuana, Civil No. 1:16-cr-672 (S.D.N.Y. 2016). The superseding indictment charged the following counts: (1) participating in a conspiracy to commit wire fraud and bank fraud; (2) bank fraud; (3) wire fraud; (4) aggravated identity theft; (5) conspiring to commit money laundering; and, (6) making a false statement in an application for a United States passport. Id. at Doc. 51. On January 30, 2018, a jury returned a guilty verdict on all counts. Id. at Doc. 81. Atuana was sentenced to a term of imprisonment of 132 months and ordered to pay restitution in the total amount of $152,683.58. Id. at Docs. 159, 169.

In the instant habeas petition, Atuana challenges his arrest and incarceration in the underlying criminal case and asserts that he is in custody unlawfully. (Doc. 2). For relief, Atuana requests that the court order the United States Magistrate Judge in the Southern District of New York to produce documents certifying that his arrest was lawful. (Id. at 3).

## II. Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply

>    for relief, by motion, to the court which sentenced him, or that such
>    court has denied him relief, unless it also appears that the remedy by
>    motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). However, § 2255 "in not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Atuana's present claims fall within the purview of § 2255.  It is clear that Atuana has not pursued a § 2255 motion in the Southern District of New York.  See United States v. Atuana, Civil No. 1:16-cr-672 (S.D.N.Y. 2016).  Atuana offers no explanation or reasoning as to why a § 2255 motion is inadequate or ineffective.  In fact, nothing in the petition speaks to a claim of inadequacy or ineffectiveness, as set forth in 28 U.S.C. § 2255.  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Atuana's recourse lies with a motion pursuant to 28 U.S.C. § 2255 in the sentencing court.  Consequently, the instant petition will be dismissed for lack of jurisdiction.

An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      January 17, 2020